# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL RODDY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. 17-3596 |
|     v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK), | : | |
|     Defendant. | : | |

MCHUGH, J.                                                                            OCTOBER 19, 2017

## MEMORANDUM

This is a personal injury case originally brought in state court by a former railroad employee against the National Railroad Passenger Corporation ("Amtrak") under the Federal Employers Liability Act ("FELA"). The Complaint asserts two claims, one of which, involving the incident of July 29, 2014, Amtrak concedes falls within the Act, but the other of which, involving the incident of June 7, 2016, it contends is not covered. Amtrak therefore seeks to remove the latter claim to this court, and Plaintiff Paul Roddy moves to remand on the basis of the statutory prohibition against removing FELA claims originally brought in state court. 28 U.S.C § 1445(a).

The case presents somewhat of a paradox. Ordinarily, a plaintiff argues that federal law controls for purposes of invoking federal jurisdiction. Here, because of the right conferred by § 1445(a), plaintiff argues that federal law controls for purposes of preserving state jurisdiction. The applicability of the FELA turns on whether Roddy can be said to have been acting within the scope of employment at the time of the second incident, a factual inquiry that also goes to the ultimate merits of the case. To a large degree, the outcome of the motion to remand is contingent

1

on the legal standard governing its resolution. I conclude that the proper test here is the same as that applied to fraudulent joinder — whether there is any possibility that the plaintiff can prevail. Plaintiff's motion for remand will therefore be granted, and Amtrak's request for severance and removal under 28 U.S.C. § 1441(c)(1) denied.

## Standard

For the FELA to apply, a railroad worker's injuries "must have been a necessary incident of the discharge of his duties." *Sassaman v. Pennsylvania R. Co.*, 144 F.2d 950, 952 (3d Cir. 1944). According to Amtrak, I am to "assume as true all Plaintiff's allegations," and my inquiry should focus upon the plaintiff's complaint at the time of petition for removal. *Fritchman v. Norfolk S. Ry. Co.,* No. CIV.A. 08-2559, 2009 WL 722301, at *3 (E.D. Pa. Mar. 17, 2009). Amtrak then highlights paragraph 31 of Plaintiff's Complaint where he pleads that he was on his way home at the time of the second incident, and cites to cases such as *Sassaman* for the proposition that a railroad employee's commute to work falls outside the scope of the FELA, even when it involves transit by railroad. But that one paragraph is hardly dispositive, as Plaintiff also pleads that he was "at all times material hereto" employed by Amtrak and "acting within the course and scope of his employment." Plaintiff has supplemented the record with an affidavit, setting forth in more detail the basis for his contention that he was working during the train ride when he was injured.

I am persuaded that Plaintiff's supplemental affidavit is properly considered for several reasons. First, as the removing party, Amtrak bears the burden of establishing that removal was proper, *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)), and has itself submitted material outside

2

the Complaint in support.[1] Second, this is not a case where Plaintiff has unambiguously pleaded facts taking him outside the scope of the FELA. To the contrary, he has pleaded that he was within the course and scope of employment, despite having also pleaded facts that might lead to the opposite conclusion. Finally, the procedural posture of the case — that the issue has arisen in connection with a motion to remand — should not limit what the court can properly consider.[2] Either in response to preliminary objections in state court or a motion to dismiss in federal court, Plaintiff would have had the opportunity to amend, and amplify the facts supporting the claim. The affidavit submitted here is the functional equivalent of an amendment to the complaint.

When faced with the propriety of removal under the FELA, and under the Jones Act, which incorporates the remedies of the FELA,[3] other members of this court have applied the fraudulent joinder standard, such that "a district court will deny remand . . . [only] where it determines as a matter of law there was no reasonable basis for predicting that the plaintiff might establish liability." *Nikitjuks v. Stolt-Nielsen, S.A.*, 2010 WL 4273328, at *2 (E.D. 2010); *accord Tucker v. Chas, Kurz & Co.*, 2014 WL 12573518, at *1 (E.D. Pa. 2014) (remand required unless plaintiff has "no possibility of prevailing on the merits); *Fritchman,* 2009 WL, at *3 (remand required unless joinder "appears to be fraudulent"). *See also Abels*, 770 F.2d at 29, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992), and *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Because § 1445(a) entitles Plaintiff to litigate in state court if he has stated an FELA claim, I likewise conclude that the fraudulent joinder standard properly

---

[1] Amtrak submitted an employee injury report taken by its Division Manager, Def's Ex. 4, ECF No. 6–7, and its Employee Pass Policy, *id.* at 6–8.

[2] *See Tucker*, 2014 WL, at *1 (considering "affidavits, declarations, and other materials beyond the complaint").

[3] *Nikitjuks*, 2010 WL, at *1 (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001)).

applies.[4]

**Relevant Facts**

Paul Roddy was employed by Amtrak as of Tuesday, June 7, 2016 as Director of Amtrak's 30th Street Station Facilities.[5] According to his affidavit, he also had responsibilities for the Bridge and Building Department, with crews stationed in Washington D.C., Baltimore and Perryville. His affidavit specifies that he left his home in Baltimore, MD at 6:15 a.m. to do a safety stand down at Amtrak's Falls Road, Bridge and Building ("B&B") Office following the death of an Amtrak track foreman. After the stand down, Roddy took an 8:30 train and reported to Philadelphia around 9:30–9:45 to carry out his usual duties as the Director of Amtrak's 30th Street Station Facilities. The previous Sunday, he had been instructed by a supervisor to arrange for grief counseling with employees in Washington D.C on Tuesday the 7th at 8 p.m., with Roddy personally expected to be there. The affidavit further specifies that at approximately 11:00 to noon he got on an Amtrak train heading to his home in Baltimore, with the understanding that he had the aforementioned 8:00 p.m. obligation in D.C., and with the expectation that he would take a 6:00 p.m. train from Baltimore in order to be there. Pl's Ex. C, ¶10, ECF No. 5. It was during this train ride that Paul Roddy was injured. Purportedly, he was continuing to return phone calls and answer emails related to his work when this occurred.

Amtrak points out that Plaintiff's Complaint pleads that he was on his way to his home at the time, and fails specifically to plead that he was performing tasks on behalf of Amtrak at the moment of injury. It has submitted a Report of Injury, albeit not personally prepared by

---

[4] Conceptually, this is consistent with the rule applied in resolving Fed. R. Civ. P. 12(b)(1) motions to dismiss when the jurisdictional question also goes to the merits of the case, where the Third Circuit has imposed a lighter burden on the plaintiff at the outset of the case. *See CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

[5] Defendant's brief consistently states that the date of the incident was June 17, 2016, whereas Plaintiff's consistently states it was June 7, 2016. This discrepancy arose as a result of the complaint using June 17, 2016 as the date of the incident, whereby Roddy says it occurred on June 7, 2016 in his affidavit, Pl's Ex. C, ¶¶ 1, 10-11, ECF No. 5. I find this inconsistency immaterial.

Plaintiff, stating that "Employee was off duty riding home on the train." Def. Ex. 4, ECF No. 6–7. The report states that Roddy's hours of duty that day were from 6:30 a.m. to 4:30 p.m. Amtrak has also submitted its Employee Pass Policy, citing to the sections for both personal and business travel, in support of its argument that Plaintiff was no more than a commuter when injured. Def. Ex. 5, §§ 3.0, 7.2 ECF No. 6–8.

**Analysis**

Amtrak has not met the heavy of showing that there is no possibility Roddy can prevail. It has potentially strong defenses under *Sassaman*, *supra,* and *Dobson v. SEPTA,* 1994 WL 585950, at *1 (E.D. Pa. 1994), where recovery was denied to railroad workers who were shown to be using the train simply to commute to and from work. But Plaintiff is correct that there is also authority for the proposition that a railroad employee can be covered under certain circumstances even if they are deemed to be going to or from work. *See, e.g.*, *Carter v, Union Railroad Co.,* 438 F.2d 208 (3d Cir. 1971) (finding within scope of employment injuries occurring on a dirt path used to get from an employer-provided parking lot to the worksite); *Parker v. Long Island R. Co*., 425 F.2d 1013, 1015 (2d Cir. 1970) (finding it unreasonable to expect plaintiff to furnish his own transportation when his duties required him to be available 24/7 and to travel 80 miles a day at a pay rate of $128 a week); *Lukon v. Pennsylvania R. Co.*, 131 F.2d 327 (3d Cir. 1942) (finding within scope of employment injury while employee was returning home using a path on employer's property, despite public roads being available).

Plaintiff argues that he faced an extended work day where his many duties required him to be at multiple locations within the Northeast corridor at different times, and that the only way in which he could meet his responsibilities was to use Amtrak trains and work en route. Where Plaintiff was going, what Plaintiff was doing at the time of injury, and whether his stopover in

Baltimore takes him outside the scope of employment are all issues that might ultimately relieve Amtrak of responsibility under the FELA. I cannot, however, say that there is no possibility he might prevail as a matter of law. Plaintiff's Motion to Remand will therefore be granted in its entirety.

    /s/ Gerald Austin McHugh
United States District Judge